IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| GREGORY L. WALLACE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES A.A. OFFICE,<br>B.I.A. CORRECTIONS PERSONNEL,<br>U.S.B.O.P., MONTANA STATE<br>PRISON INFIRMARY,<br><br>Defendants. | CV 16-00101-GF-BMM-JTJ<br><br><br>FINDINGS AND<br>RECOMMENDATIONS OF<br>UNITED STATES MAGISTRATE<br>JUDGE |

Plaintiff Gregory Wallace, a prisoner at Montana State Prison, proceeding without counsel, filed a motion to proceed in forma pauperis (Doc. 1) and a lodged civil complaint. (Doc. 2.) In order to proceed in forma pauperis, Mr. Wallace must overcome the three strikes provision of 28 U.S.C. § 1915(g). Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Mr. Wallace filed four civil actions which have been dismissed for failure to state a claim. *See Wallace v. N. Cheyenne Corrections Officers, et al.,* CV-09-00116-BLG-RFC-CSO (D. Mont. Judgment of dismissal filed December 30, 2009); *Wallace v. Hamm, et al.*, CV-12-00073-BLG-RFC (D. Mont. Judgment of dismissal filed October 5, 2012); *Wallace v. Sioux-Assinniboine Corrections, et al.,* CV-15-00030-GF-BMM (D. Mont. Judgment of dismissal filed November 16, 2015); and *Wallace v. CIA/BIA Corrections, et al.*, CV-15-00055-M-DLC (D.Mont. Judgment of dismissal filed January 6, 2016).

Mr. Wallace has exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of 28 U.S.C. § 1915(g).

On September 26, 2016, the Court gave Mr. Wallace an opportunity to provide factual information to establish that he is in "imminent danger of serious physical injury." (Doc. 4.) He failed to respond. Accordingly, the Court finds that Mr. Wallace was not under imminent danger of serious physical injury at the time he filed his complaint. As such, his motion to proceed in forma pauperis should be denied.

Mr. Wallace is not entitled to a fourteen-day period to object. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

Accordingly, the Court issues the following:

**RECOMMENDATIONS**

1. Mr. Wallace's Motion to Proceed in Forma Pauperis (Doc. 1) should be DENIED pursuant to Local Rule 3.1(d)(4).

2. This matter should be closed if Mr. Wallace fails to pay the $400.00 filing fee within 21 days of the adoption of these Findings and Recommendations.

DATED this 15th day of November 2016.

    /s/ John Johnston
John Johnston
United States Magistrate Judge